**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

**LASHON BODDIE,**

**Plaintiff,**

**V.**

**WASHINGTON, *et al.*,**

**Defendants.**

**NO. 5:23-cv-00274-MTT-CHW**

**ORDER OF DISMISSAL**

Plaintiff Lashon Boddie, a prisoner in Hancock State Prison in Sparta, Georgia, filed a handwritten document that was docketed as a 42 U.S.C. § 1983 civil rights complaint. Compl., ECF No. 1. Because he did not use the required form for a § 1983 case, Plaintiff was ordered to complete and return a § 1983 form. Order, ECF No. 3. Plaintiff was also ordered to either pay the $402.00 filing fee or file a proper and complete motion to proceed *in forma pauperis*. *Id.* Plaintiff was given fourteen days to complete these actions and was cautioned that his failure to do so could result in the dismissal of his complaint. *Id.*

More than fourteen days passed following entry of that order, and Plaintiff did not file a recast complaint, pay the filing fee, submit a motion to proceed *in forma pauperis*, or otherwise respond to the order for him to do so. Moreover, the order, which was sent to Plaintiff at Hancock State Prison was returned to this Court as undeliverable. Mail Returned, ECF No. 4. It is Plaintiff's responsibility to keep the Court apprised of his current address, and his failure to do so constitutes a failure to prosecute, which may result in the dismissal of this action.

Nevertheless, a search of the Georgia Department of Corrections Find an Offender

website showed that, at some point, Plaintiff had been moved to the Special Management Unit in Jackson, Georgia. *See* Georgia Dep't of Corrs., Find an Offender, http://www.dcor.state.ga.us/GDC/Offender/Query, Query "Boddie, Lashon" (showing most recent institution as the Special Management Unit) (last visited December 21, 2023). Thus, as it appeared that Plaintiff had never received the order to recast his complaint, the Clerk was directed to update Plaintiff's address to the Special Management Unit and forward that order to Plaintiff at that facility along with a blank 42 U.S.C. § 1983 form, a motion to proceed *in forma pauperis*, and an account certification form. Order, ECF No. 5. Plaintiff was again given fourteen days to take the required actions and was cautioned that his failure to do so could result in the dismissal of this case. *Id.*

More than fourteen days passed following entry of that order, and Plaintiff did not take any of the required actions or otherwise respond to the order. As a result, Plaintiff was ordered to show cause to the Court why this case should not be dismissed based on his failure to comply with the Court's orders. Order to Show Cause, ECF No. 6. Plaintiff was given fourteen days to respond and was cautioned that his failure to do so could result in the dismissal of this action. *Id.*

More than fourteen days have now passed since the show cause order was entered, and Plaintiff has not responded to that order. Therefore, because Plaintiff has failed to respond to the Court's orders and has otherwise failed to prosecute this case, it is hereby **ORDERED** that this action be **DISMISSED WITHOUT PREJUDICE**. *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing Fed. R. Civ. P. 41(b) and *Lopez v.*

*Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)).

**SO ORDERED**, this 21st day of December, 2023.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT